FILED

2009 JUN 25  PM 4:05

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2008 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>         v.<br><br>EVELYN TISOY,<br>ROSEMARIE LABASAN,<br>JISELLE SALVILLA,<br>BERLY SCHWARTZ,<br>ALFREDO DE VEYRA,<br>JOSERAMON GUZMAN,<br>FERMIN HERRERA,<br>DANTE DAVID,<br>ASHER MOSQUEDA,<br>MIGNONETTE RONGAVILLA,<br>ERNESTO SEVILLANA,<br>JUAN IGAMEN,<br>JOANA BALBOA,<br>ALWYN PONGCO,<br>FE FILART,<br>PABLO MARCIAL,<br>CHRISTINA RODRIGUEZ,<br>JOSEPH BAGAYBAGAYAN,<br>MARGARET NAMAWEJJE,<br>LEONEL GONZALEZ,<br>YOLANDA MOJICA,<br>MARGARITA NIETO-ROJAS,<br>CORAZON GINA GENONA DABAO,<br>MARYGRACE VALDEVIESO,<br>MA SOCORRO NARCISO,<br>ROBERTA STALEY,<br>ANNA SAMBO,<br>VIVIAN FRANCISCO, | CR 09 **CR 09 00609**<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1349: Conspiracy to Commit Health Care Fraud; 18 U.S.C. § 1347: Health Care Fraud; 18 U.S.C. § 2: Aiding and Abetting, Causing an Act to be Done] |

ARM:arm

CORINNE GUIANG,                          )
CARLISELE LE,                            )
MARIA CORDOVA,                           )
RUTH MAGRACIA,                           )
VIRGILIA EBO,                            )
ORLEE LUMIGUID,                          )
LOVELYN GONZAGA,                         )
ROSEMARIE GUILLEN,                       )
MA AILAINE OMILLO,                       )
LORENA VALLEJO,                          )
LUZ OROGO,                               )
ICYLON ANDAL GUCE,                       )
RANDY ANTONIO JOVER,                     )
BERNADITA BAGNOL,                        )
                                         )
                Defendants.              )
_____ )

The Grand Jury charges:

## COUNT ONE

### [18 U.S.C. §§ 1349, 2]

A.   INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

<u>The Home Health Agency and Nursing Registries</u>

1.   Medcare Plus Home Health Providers ("Medcare Plus") was a home health agency located in Santa Fe Springs, California, within the Central District of California.  Medcare Plus had a valid Medi-Cal provider number and received payments from Medi-Cal for private duty nursing services to disabled Medi-Cal patients, many of them children.  Medcare Plus was owned and operated by Priscilla Villabroza ("Villabroza") and others.

2.   Excel Plus Home Health Services ("Excel Plus") was a nursing registry that purportedly provided licensed nursing staff to Medcare Plus.  Excel Plus was owned and operated by Villabroza and others.

3.    Unicare Health Professional ("Unicare") was a business name ("dba") that Villabroza used to pay unlicensed individuals to visit Medcare Plus patients.

The Nursing Manager Defendants

4.    Defendant EVELYN TISOY ("TISOY") was in charge of operations at Excel Plus and managed the individuals who made the nursing visits that Medcare Plus billed to Medi-Cal.

5.    Defendant ROSEMARIE LABASAN ("LABASAN") worked for Excel Plus and also managed the individuals who made the nursing visits that Medcare Plus billed to Medi-Cal.  (Collectively, defendant TISOY and defendant LABASAN are the "Nursing Manager Defendants").

6.    Susan Bendigo ("Bendigo") was a Director of Nursing at Excel Plus and was another supervisor for the individuals who made the nursing visits that Medcare Plus billed to Medi-Cal.

The Unlicensed Nurse Defendants

7.    Defendant JISELLE SALVILLA ("SALVILLA"), defendant BERLY SCHWARTZ ("SCHWARTZ"), defendant ALFREDO DE VEYRA ("DE VEYRA"), defendant JOSERAMON GUZMAN ("GUZMAN"), defendant FERMIN HERRERA ("HERRERA"), defendant DANTE DAVID ("DAVID"), defendant ASHER MOSQUEDA ("MOSQUEDA"), defendant MIGNONETTE RONGAVILLA ("RONGAVILLA"), defendant ERNESTO SEVILLANA ("SEVILLANA"), defendant JUAN IGAMEN ("IGAMEN"), defendant JOANA BALBOA ("BALBOA"), defendant ALWYN PONGCO ("PONGCO"), defendant FE FILART ("FILART"), defendant PABLO MARCIAL ("MARCIAL"), defendant CHRISTINA RODRIGUEZ ("RODRIGUEZ"), defendant JOSEPH BAGAYBAGAYAN ("BAGAYBAGAYAN"), defendant MARGARET NAMAWEJJE ("NAMAWEJJE"), defendant LEONEL GONZALEZ ("GONZALEZ"), defendant

YOLANDA MOJICA ("MOJICA"), defendant MARGARITA NIETO-ROJAS
("NIETO-ROJAS"), defendant CORAZON GINA GENONA DABAO ("DABAO"),
defendant MARYGRACE VALDEVIESO ("VALDEVIESO"), defendant MA
SOCORRO NARCISO ("NARCISO"), defendant ROBERTA STALEY
("STALEY"), defendant ANNA SAMBO ("SAMBO"), defendant VIVIAN
FRANCISCO ("FRANCISCO"), defendant CORINNE GUIANG ("GUIANG"),
defendant CARLISELE LE ("LE"), defendant MARIA CORDOVA
("CORDOVA"), defendant RUTH MAGRACIA ("MAGRACIA"), defendant
VIRGILIA EBO ("EBO"), defendant ORLEE LUMIGUID ("LUMIGUID"),
defendant LOVELYN GONZAGA ("GONZAGA"), defendant ROSEMARIE
GUILLEN ("GUILLEN"), defendant MA AILAINE OMILLO ("OMILLO"),
defendant LORENA VALLEJO ("VALLEJO"), defendant LUZ OROGO
("OROGO"), defendant ICYLON ANDAL GUCE ("GUCE"), defendant RANDY
ANTONIO JOVER ("JOVER"), and defendant BERNADITA BAGNOL
("BAGNOL") were individuals who had no nursing license in
California but who nonetheless made home visits and provided
private duty nursing services to Medi-Cal patients served by
Medcare Plus (collectively, the "Unlicensed Nurse Defendants").

The Medi-Cal Program

8.    The Medi-Cal Program ("Medi-Cal") was a health care
benefit program, affecting commerce, that provided reimbursement
for medically necessary health care services to indigent persons
in California.   Funding for Medi-Cal was shared between the
federal government and the State of California.

9.    The California Department of Health Care Services
("CAL-DHCS") administered Medi-Cal.  CAL-DHCS authorized
provider participation, determined beneficiary eligibility,
issued Medi-Cal cards to beneficiaries, and promulgated

4

1  regulations for the administration of the program.

2      10.   Individuals who qualified for Medi-Cal benefits were

3  referred to as "beneficiaries."

4      11.   Medi-Cal reimbursed home health agencies and other

5  health care providers for medically necessary treatment and

6  services rendered to beneficiaries.

7      12.   Health care providers, including home health agencies,

8  could receive direct reimbursement from Medi-Cal by applying to

9  Medi-Cal and receiving a unique provider number.

10     13.   To obtain payment for services, an enrolled provider,

11 using its unique provider number, would submit claims to Medi-

12 Cal certifying that the information on the claim form was

13 truthful and accurate and that the services provided were

14 reasonable and necessary to the health of the Medi-Cal

15 beneficiary.

16     14.   As a benefit for certain qualifying beneficiaries,

17 Medi-Cal would pay for medically necessary private duty nursing

18 services from a Registered Nurse ("RN") or a Licensed Vocational

19 Nurse ("LVN").

20     15.   Under a Medi-Cal program called Early and Periodic

21 Screening, Diagnosis, and Treatment ("EPSDT") Supplemental

22 Services, Medi-Cal beneficiaries under the age of 21 could

23 receive private duty nursing services from a RN or an LVN.

24     16.   When seeking reimbursement for EPSDT Supplemental

25 Services,  Medi-Cal providers were required to identify

26 accurately the type of health care professional who performed

27 the services because certain services, including private duty

28 nursing services, were reimbursed by Medi-Cal at rates

1  corresponding to the category of professional (<u>e.g.</u>, doctor, RN,

2  or LVN) who performed that service.

3      17.  When required to indicate the category of professional

4  who performed the service, Medi-Cal did not provide coverage for

5  such services when performed by unlicensed individuals.

6  <u>Home-Health Nursing Route Sheets and Notes</u>

7      18.  Any home health agency that submitted claims to Medi-

8  Cal for private duty nursing services was required to maintain

9  records showing: (a) the number of hours a patient was seen; (b)

10 the name of the health care professional who saw the patient;

11 and (c) a signature of the patient or parent of the patient

12 verifying the visit.

13     19.  Most home health agencies and nursing registries,

14 including Medcare Plus, Excel Plus, and Unicare, recorded and

15 maintained this information by having their nurses sign route

16 sheets and nursing notes reflecting the visits made and services

17 performed (collectively, "Nursing Notes").

18     20.  If Medi-Cal or CAL-DHCS conducted an audit of a home

19 health agency, the home health agency was required to

20 corroborate the home health agency's billings to Medi-Cal.

21 Typically, the home health agency, including Medcare Plus, would

22 do so by providing its Nursing Notes to Medi-Cal as proof of its

23 licensed nurses' home health visits.

24 \\

25 \\

26 \\

27 \\

28 \\

B.   OBJECT OF THE CONSPIRACY

21.   Beginning at least as early as August 2004, and continuing to at least in or about December 2007, in Los Angeles County, within the Central District of California, and elsewhere, the Nursing Manager Defendants and the Unlicensed Nurse Defendants, along with Villabroza, Bendigo, and others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to execute a scheme to defraud a health care benefit program, namely Medi-Cal, in violation of 18 U.S.C. § 1347.

C.   THE MEANS OF THE CONSPIRACY

22.   The object of the conspiracy was carried out and to be carried out, in substance, as follows:

a.   Villabroza and other co-conspirators would arrange for Medcare Plus to provide private duty nursing services to Medi-Cal beneficiaries, including children and youths eligible for ESPDT Supplemental Services who suffered from disabling conditions such as cerebral palsy or developmental delay and who needed professional nursing assistance at home and at school.

b.   Villabroza, Bendigo, the Nursing Manager Defendants, and other co-conspirators would hire the Unlicensed Nurse Defendants and others to provide these services, knowing that the Unlicensed Nurse Defendants and others were not licensed in California and that some of them had little or no medical training or background.

c.   To conceal their use of unlicensed nurses, Villabroza, Bendigo, and the Nursing Manager Defendants would pay the Unlicensed Nurse Defendants and others through Excel

1 Plus and Unicare so that their names would not appear on the
2 Medcare Plus payroll or checks.

3        d.   The Unlicensed Nurse Defendants would visit the
4 Medi-Cal beneficiaries at home and at school and provide nursing
5 services, including administering medications, adjusting
6 ventilators, and feeding through gastronomy tubes.

7        e.   Villabroza, Bendigo, the Nursing Manager
8 Defendants, and other co-conspirators would direct the
9 Unlicensed Nurse Defendants to lie about their licensing and
10 qualifications by telling the parents or guardians of the
11 disabled Medi-Cal beneficiaries that they were LVNs.

12        f.   The Unlicensed Nurse Defendants would falsely
13 present themselves as professionals; would conceal their
14 unlicensed status from the parents or guardians of the disabled
15 Medi-Cal beneficiaries; and would in some cases affirmatively
16 misrepresent themselves as LVNs.

17 <u>Signing "LVN" on Nursing Notes</u>

18        g.   Villabroza, Bendigo, the Nursing Manager
19 Defendants, and other co-conspirators would instruct some of the
20 Unlicensed Nurse Defendants to present themselves as LVNs and to
21 write "LVN" after their name on Nursing Notes and other various
22 paperwork associated with their visits to disabled Medi-Cal
23 beneficiaries.

24        h.   Defendants SALVILLA, BAGAYBAGAYAN, GUCE, and
25 JOVER, and others, would, in fact, write "LVN" after their names
26 on Nursing Notes and on other paperwork even though, as they
27 then well knew, they were not LVNs.

28 <u>Intentionally Leaving Nursing Notes Unsigned</u>

i.   Villabroza, Bendigo, the Nursing Manager Defendants, and other co-conspirators would direct some of the Unlicensed Nurse Defendants to present themselves to the patients and their families as LVNs but to leave their Nursing Notes unsigned so that the Nursing Notes could later be signed with the name of an actual LVN.

j.   Defendants SALVILLA, SCHWARTZ, MOSQUEDA, RONGAVILLA, BALBOA, PONGCO, FILART, RODRIGUEZ, NAMAWEJJE, GONZALEZ, MOJICA, NIETO-ROJAS, DABAO, VALDEVIESO, STALEY, SAMBO, FRANCISCO, GUIANG, LE, CORDOVA, MAGRACIA, EBO, LUMIGUID, GUILLEN, OMILLO, VALLEJO, OROGO, and BAGNOL, and others, would intentionally leave their Nursing Notes unsigned knowing full well that someone would later sign the name of an actual LVN to make it appear that the services they performed were provided by an actual LVN.

Assuming the Identity of an Actual LVN

k.   Villabroza, Bendigo, the Nursing Manager Defendants, and others would provide some of the Unlicensed Nurse Defendants with the identity of an actual LVN for the Unlicensed Nurse Defendants to assume when visiting disabled Medi-Cal beneficiaries.

l.   Many of the Unlicensed Nurse Defendants who were given assumed identities, including defendants DE VEYRA, GUZMAN, HERRERA, DAVID, MOSQUEDA, RONGAVILLA, SEVILLANA, IGAMEN, MARCIAL, RODRIGUEZ, EBO, and JOVER, and others, would use the assumed identity in interactions with the disabled Medi-Cal beneficiaries and their families, posing as the LVN whose name they had been given.

9

1        m.    Many of the Unlicensed Nurse Defendants,

2 including defendants DE VEYRA, GUZMAN, HERRERA, DAVID,

3 RONGAVILLA, SEVILLANA, IGAMEN, MARCIAL, RODRIGUEZ, NIETO-ROJAS,

4 DABAO, NARCISO, and GONZAGA, and others, would sign at least

5 some of their Nursing Notes with the name of the LVN whose

6 identity had been given to them.

7        n.    Villabroza, Bendigo, the Nursing Manager

8 Defendants, the Unlicensed Nurse Defendants, and other co-

9 conspirators would cause Medcare Plus to submit claims to Medi-

10 Cal for the services performed by the Unlicensed Nurse

11 Defendants, knowing full well that Medi-Cal did not cover

12 private duty nursing services performed by unlicensed

13 individuals.

14        o.    Villabroza, Bendigo, the Nursing Manager

15 Defendants, the Unlicensed Nurse Defendants, and other co-

16 conspirators would cause Medcare Plus to submit claims to Medi-

17 Cal that falsely represented that the services performed by the

18 Unlicensed Nurse Defendants had been performed by actual LVNs.

19        p.    By these means, Villabroza, Bendigo, the Nursing

20 Manager Defendants, the Unlicensed Nurse Defendants, and other

21 co-conspirators induced Medi-Cal to pay at least $4,596,376.78

22 for nursing services provided by the Unlicensed Nurse Defendants

23 that were fraudulently billed as licensed nursing services.

24 D.   OVERT ACTS

25    23.   In furtherance of the conspiracy and to accomplish its

26 object, the Nursing Manager Defendants and the Unlicensed Nurse

27 Defendants together with Villabroza, Bendigo, and others known

28 and unknown to the Grand Jury, aided and abetted, committed, and

willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

Overt Act No. 1:  On or about August 30, 2004, defendant TISOY, defendant LABASAN, and other co-conspirators hired defendant MARCIAL to work at Excel Plus and they told him to assume the name of R.M., an actual LVN.

Overt Act No. 2:  On or about August 30, 2004, defendant TISOY, defendant LABASAN, and other co-conspirators showed defendant MARCIAL an example of R.M.'s signature and they told defendant MARCIAL to sign his Nursing Notes as R.M.

Overt Act No. 3:  On or about December 1, 2004, defendant BAGAYBAGAYAN visited patient M.C., presented himself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 4:  On or about December 1, 2004, defendant BAGAYBAGAYAN signed his Nursing Notes for his visit with patient M.C. with the title "LVN" next to his name.

Overt Act No. 5:  On or about December 20, 2004, defendant BAGAYBAGAYAN was paid by Unicare (Check 1941) for his visit to patient M.C. on December 1, 2004.

Overt Act No. 6:  On or about January 3, 2005, defendant HERRERA visited patient M.Y., presented himself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 7:  On or about January 3, 2005, defendant HERRERA signed his Nursing Notes for a patient visit as L.T., an individual whom HERRERA knew was an LVN, so that it would appear as if an LVN had made the visit.

11

Overt Act No. 8:  On or about January 31, 2005, defendant TISOY, defendant LABASAN, defendant BAGAYBAGAYAN, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 5031254503401) for payment of approximately $558.79 for alleged LVN services provided to patient M.C. on December 1, 2004.

Overt Act No. 9:  On or about February 5, 2005, defendant HERRERA was paid by Excel Plus (Check 3104) for his visit to patient M.Y. on January 3, 2005.

Overt Act No. 10:  On or about April 22, 2005, defendant TISOY, defendant LABASAN, defendant HERRERA, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 5112230508903) for payment of approximately $676.43 for alleged LVN services provided to patient M.Y. on January 3, 2005.

Overt Act No. 11:  On or about May 2, 2005, defendant SAMBO visited patient A.S., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 12:  On or about May 2, 2005, defendant SAMBO submitted her Nursing Notes for her visit to patient A.S. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 13:  On or about May 16, 2005, defendant JOVER visited patient A.C., presented himself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 14:  On or about May 16, 2005, defendant JOVER signed his Nursing Notes for his visit with patient A.C. with the title "LVN" next to his name.

12

Overt Act No. 15: On or about June 5, 2005, defendant SAMBO was paid by Unicare (Check 2371) for her visit to patient A.S. on May 2, 2005.

Overt Act No. 16: On or about June 20, 2005, defendant JOVER was paid by Unicare (Check 2408) for his visit to patient A.C. on May 16, 2005.

Overt Act No. 17: On or about August 4, 2005, defendant TISOY, defendant LABASAN, defendant JOVER, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 5216609612407) for payment of approximately $470.56 for alleged LVN services provided to patient A.C. on May 16, 2005.

Overt Act No. 18: On or about August 16, 2005, defendant GONZAGA visited patient E.M., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 19: On or about August 16, 2005, defendant GONZAGA signed her Nursing Notes as M.G., an individual whom defendant GONZAGA knew was an LVN, so that it would appear as if an LVN had made the visit.

Overt Act No. 20: On or about August 21, 2005, defendant GUIANG visited patient J.L. and signed her Nursing Notes in pencil for her visit so that an LVN could eventually sign the Nursing Notes as if that LVN had completed the visit.

Overt Act No. 21: On or about September 1, 2005, defendant NAMAWEJJE visited patient B.T., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 22: On or about September 1, 2005, defendant NAMAWEJJE submitted her Nursing Notes for her visit to patient

13

B.T. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 23: On or about September 1, 2005, defendant DE VEYRA visited patient M.C., presented himself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 24: On or about September 1, 2005, defendant DE VEYRA signed his Nursing Notes as M.G., an individual whom defendant DE VEYRA knew was an LVN, so that it would appear as if an LVN had made the visit.

Overt Act No. 25: On or about September 19, 2005, defendant OROGO visited patient H.C., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 26: On or about September 19, 2005, defendant OROGO submitted her Nursing Notes for her visit to patient H.C. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 27: On or about September 19, 2005, defendant PONGCO visited patient M.Y., presented himself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 28: On or about September 19, 2005, defendant PONGCO submitted his Nursing Notes for his visit to patient M.Y. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 29: On or about September 20, 2005, defendant GONZAGA was paid by Unicare (Check 2653) for her visit to patient E.M. on August 16, 2005.

14

1    Overt Act No. 30:  On or about September 20, 2005,

2    defendant GUIANG received funds from Unicare (Check 2636) for

3    her visit to patient J.L. on August 21, 2005.

4    Overt Act No. 31:  On or about October 1, 2005, defendant

5    STALEY visited patient A.S., presented herself as an LVN, and

6    performed services that should have been performed by an LVN.

7    Overt Act No. 32:  On or about October 1, 2005, defendant

8    STALEY submitted her Nursing Notes for her visit to patient A.S.

9    with the signature line left blank to be signed with the name of

10   an LVN who had not, in fact, made the visit.

11   Overt Act No. 33:  On or about October 5, 2005, defendant

12   DE VEYRA was paid by Unicare (Check 2678) for his visit to

13   patient M.C. on September 1, 2005.

14   Overt Act No. 34:  On or about October 5, 2005, defendant

15   OROGO was paid by Unicare (Check 2666) for her visit to patient

16   H.C. on September 19, 2005.

17   Overt Act No. 35:  On or about October 5, 2005, defendant

18   NAMAWEJJE was paid by Unicare (Check 2673) for her visit to

19   patient B.T. on September 1, 2005.

20   Overt Act No. 36:  On or about October 17, 2005, defendant

21   TISOY, defendant LABASAN, defendant GONZAGA, and other co-

22   conspirators submitted and caused to be submitted to Medi-Cal a

23   claim (Claim No. 5290250809813) for payment of approximately

24   $470.56 for alleged LVN services provided to patient E.M. on

25   August 16, 2005.

26   Overt Act No. 37:  On or about October 19, 2005, defendant

27   MARCIAL visited patient H.C., presented himself as an LVN, and

28   performed services that should have been performed by an LVN.

1    Overt Act No. 38:   On or about October 19, 2005, defendant
2    MARCIAL signed his Nursing Notes as R.M., an individual whom
3    defendant MARCIAL knew was an LVN, so that it would appear as if
4    an LVN had made the visit.

5    Overt Act No. 39:   On or about October 20, 2005, defendant
6    PONGCO was paid by Unicare (Check 3790) for his visit to patient
7    M.Y. on September 19, 2005.

8    Overt Act No. 40:   On or about October 26, 2005, defendant
9    TISOY, defendant LABASAN, defendant OROGO, and other co-
10   conspirators submitted and caused to be submitted to Medi-Cal a
11   claim (Claim No. 5299607045802) for payment of approximately
12   $470.56 for alleged LVN services provided to patient H.C. on
13   September 19, 2005.

14   Overt Act No. 41:   On or about October 31, 2005, defendant
15   TISOY, defendant LABASAN, defendant DE VEYRA, and other co-
16   conspirators submitted and caused to be submitted to Medi-Cal a
17   claim (Claim No. 5304250807701) for payment of approximately
18   $294.10 for alleged LVN services provided to patient M.C. on
19   September 1, 2005.

20   Overt Act No. 42:   On or about November 4, 2005, defendant
21   STALEY was paid by Unicare (Check 2773) for her visit to patient
22   A.S. on October 1, 2005.

23   Overt Act No. 43:   On or about November 17, 2005, defendant
24   TISOY, defendant LABASAN, defendant MARCIAL, and other co-
25   conspirators submitted and caused to be submitted to Medi-Cal a
26   claim (Claim No. 5321610683909) for payment of approximately
27   $470.56 for alleged LVN services provided to patient H.C. on
28   October 19, 2005.

Overt Act No. 44:  On or about November 21, 2005, defendant MARCIAL was paid by Unicare (Check 2789) for his visit to patient H.C. on October 19, 2005.

Overt Act No. 45:  On or about December 5, 2005, defendant TISOY, defendant LABASAN, defendant SAMBO, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 5339607217501) for payment of approximately $235.28 for alleged LVN services provided to patient A.S. on May 2, 2005.

Overt Act No. 46:  On or about December 27, 2005, defendant TISOY, defendant LABASAN, defendant GUIANG, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 5361251603408) for payment of approximately $470.56 for alleged LVN services provided to patient J.L. on August 21, 2005.

Overt Act No. 47:  On or about January 6, 2006, defendant TISOY, defendant LABASAN, defendant STALEY, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 6006609700801) for payment of approximately $205.87 for alleged LVN services provided to patient A.S. on October 1, 2005.

Overt Act No. 48:  On or about January 17, 2006, defendant TISOY, defendant LABASAN, defendant PONGCO, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 6017250501309) for payment of approximately $352.92 for alleged LVN services provided to patient M.Y. on September 19, 2005.

\\

Overt Act No. 49: On or about February 28, 2006, defendant TISOY, defendant LABASAN, defendant NAMAWEJJE, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 6059250803601) for payment of approximately $235.28 for alleged LVN services provided to patient B.T. on September 1, 2005.

Overt Act No. 50: On or about March 24, 2006, defendant OMILLO visited patient L.C., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 51: On or about March 24, 2006, defendant OMILLO submitted her Nursing Notes for her visit to patient L.C. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 52: On or about April 9, 2006, defendant GUCE visited patient A.C., presented himself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 53: On or about April 9, 2006, defendant GUCE signed his Nursing Notes for his visit with patient A.C. with the title "LVN" next to his name.

Overt Act No. 54: On or about April 19, 2006, defendant TISOY, defendant LABASAN, defendant OMILLO, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 6109609776604) for payment of approximately $470.56 for alleged LVN services provided to patient L.C. on March 24, 2006.

\\
\\
\\

Overt Act No. 55:  On or about April 20, 2006, defendant OMILLO was paid by Unicare (Check 3328) for her visit to patient L.C. on March 24, 2006.

Overt Act No. 56:  On or about May 3, 2006, defendant TISOY, defendant LABASAN, defendant GUCE, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 6123610295710) for payment of approximately $470.56 for alleged LVN services provided to patient A.C. on April 9, 2006.

Overt Act No. 57:  On or about May 5, 2006, defendant GUCE was paid by Unicare (Check 3372) for his visit to patient A.C. on April 9, 2006.

Overt Act No. 58:  On or about May 29, 2006, defendant BALBOA visited patient L.C., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 59:  On or about May 29, 2006, defendant BALBOA submitted her Nursing Notes for her visit to patient L.C. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 60:  On or about June 20, 2006, defendant BALBOA was paid by Unicare (Check 3497) for her visit to patient L.C. on May 29, 2006.

Overt Act No. 61:  On or about June 30, 2006, defendant TISOY, defendant LABASAN, defendant BALBOA, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 6181609626207) for payment of approximately $470.56 for alleged LVN services provided to patient L.C. on May 29, 2006.

1     Overt Act No. 62:  On or about August 2, 2006, defendant

2  MAGRACIA visited patient A.U., presented herself as an LVN, and

3  performed services that should have been performed by an LVN.

4     Overt Act No. 63:  On or about August 2, 2006, defendant

5  MAGRACIA submitted her Nursing Notes for her visit to patient

6  A.U. with the signature line left blank to be signed by an LVN

7  named "Connie" who had not made the visit.

8     Overt Act No. 64:  On or about August 2, 2006, defendant

9  TISOY, defendant LABASAN, and other co-conspirators signed

10  defendant MAGRACIA's Nursing Notes from her visit to patient

11  A.U. with the name of an LVN.

12     Overt Act No. 65:  On or about September 5, 2006, defendant

13  MAGRACIA was paid by Unicare (Check 1107) for her visit to

14  patient A.U. on August 2, 2006.

15     Overt Act No. 66:  On or about September 8, 2006, defendant

16  NARCISO visited patient S.P., presented herself as an LVN, and

17  performed services that should have been performed by an LVN.

18     Overt Act No. 67:  On or about September 8, 2006, defendant

19  NARCISO signed her Nursing Notes as M.N., an individual whom

20  defendant NARCISO knew was an LVN, so that it would appear as if

21  an LVN had made the visit.

22     Overt Act No. 68:  On or about September 13, 2006,

23  defendant TISOY, defendant LABASAN, defendant MAGRACIA, and

24  other co-conspirators submitted and caused to be submitted to

25  Medi-Cal a claim (Claim No. 6256606695302) for payment of

26  approximately $294.10 for alleged LVN services provided to

27  patient A.U. on August 2, 2006.

28  \\

Overt Act No. 69: On or about October 5, 2006, defendant NARCISO was paid by Excel Plus (Check 1103) for her visit to patient S.P. on September 8, 2006.

Overt Act No. 70: On or about November 4, 2006, defendant GUZMAN visited patient M.Y., presented himself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 71: On or about November 4, 2006, defendant GUZMAN signed his Nursing Notes as R.G., an individual whom defendant GUZMAN knew was an LVN, so that it would appear as if an LVN had made the visit.

Overt Act No. 72: On or about November 20, 2006, defendant FILART visited patient J.P., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 73: On or about November 20, 2006, defendant FILART submitted her Nursing Notes for her visit to patient J.P. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 74: On or about December 4, 2006, defendant EBO visited patient D.U., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 75: On or about December 4, 2006, defendant EBO submitted her Nursing Notes for her visit to patient D.U. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 76: On or about December 5, 2006, defendant GUZMAN was paid by Unicare (Check 1467) for his visit to patient M.Y. on November 4, 2006.

\\

Overt Act No. 77: On or about December 10, 2006, defendant CORDOVA visited patient Y.C., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 78: On or about December 10, 2006, defendant CORDOVA submitted her Nursing Notes for her visit to patient Y.C. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 79: On or about December 16, 2006, defendant SEVILLANA visited patient N.J., presented himself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 80: On or about December 16, 2006, defendant SEVILLANA signed his Nursing Notes as J.M., an individual whom defendant SEVILLANA knew was an LVN, so that it would appear as if an LVN had made the visit.

Overt Act No. 81: On or about December 20, 2006, defendant CORDOVA was paid by Excel Plus (Check 1288) for her visit to patient Y.C. on December 10, 2006.

Overt Act No. 82: On or about December 23, 2006, defendant GUILLEN visited patient A.P., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 83: On or about December 23, 2006, defendant GUILLEN submitted her Nursing Notes for her visit to patient A.P. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 84: On or about December 20, 2006, defendant FILART was paid by Unicare (Check 1557) for her visit to patient J.P. on November 20, 2006.

\\

22

Overt Act No. 85: On or about January 3, 2007, defendant FRANCISCO visited patient D.U., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 86: On or about January 3, 2007, defendant FRANCISCO submitted her Nursing Notes for her visit to patient D.U. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 87: On or about January 4, 2007, defendant BAGNOL visited patient A.P., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 88: On or about January 4, 2007, defendant BAGNOL submitted her Nursing Notes for her visit to patient A.P. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 89: On or about January 5, 2007, defendant GUILLEN was paid by Unicare (Check 1609) for her visit to patient A.P. on December 23, 2006.

Overt Act No. 90: On or about January 10, 2007, defendant IGAMEN visited patient J.B., presented himself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 91: On or about January 10, 2007, defendant IGAMEN signed his Nursing Notes as N.R., an individual whom defendant IGAMEN knew was an LVN, so that it would appear as if an LVN had made the visit.

Overt Act No. 92: On or about January 20, 2007, defendant IGAMEN was paid by Unicare (Check 1638) for his visit to patient J.B. on January 10, 2007.

\\

23

Overt Act No. 93: On or about January 20, 2007, defendant SEVILLANA was paid by Unicare (Check 1641) for his visit to patient N.J. on December 16, 2006.

Overt Act No. 94: On or about January 20, 2007, defendant EBO was paid by Unicare (Check 1633) for her visit to patient D.U. on December 4, 2006.

Overt Act No. 95: On or about January 25, 2007, defendant LE visited patient S.P., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 96: On or about January 25, 2007, defendant LE submitted her Nursing Notes for her visit to patient S.P. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 97: On or about January 26, 2007, defendant TISOY, defendant LABASAN, defendant GUZMAN, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7026609832104) for payment of approximately $514.68 for alleged LVN services provided to patient M.Y. on November 4, 2006.

Overt Act No. 98: On or about January 29, 2007, defendant TISOY, defendant LABASAN, defendant SEVILLANA, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7029608389302) for payment of approximately $382.33 for alleged LVN services provided to patient N.J. on December 16, 2006.

Overt Act No. 99: On or about February 5, 2007, defendant FRANCISCO was paid by Unicare (Check 1664) for her visit to patient D.U. on January 3, 2007.

Overt Act No. 100:  On or about February 5, 2007, defendant BAGNOL was paid by Excel Plus (Check 1358) for her visit to patient A.P. on January 4, 2007.

Overt Act No. 101:  On or about February 16, 2007, defendant VALDEVIESO visited patient L.C., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 102:  On or about February 16, 2007, defendant VALDEVIESO submitted her Nursing Notes for her visit to patient L.C. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 103:  On or about February 20, 2007, defendant LE was paid by Unicare (Check 1730) for her visit to patient S.P. on January 25, 2007.

Overt Act No. 104:  On or about February 22, 2007, defendant TISOY, defendant LABASAN, defendant NARCISO, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7053241501406) for payment of approximately $235.28 for alleged LVN services provided to patient S.P. on June 4, 2007.

Overt Act No. 105:  On or about February 28, 2007, defendant TISOY, defendant LABASAN, defendant CORDOVA, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7059606849908) for payment of approximately $470.56 for alleged LVN services provided to patient Y.C. on December 10, 2006.

Overt Act No. 106:  On or about March 2, 2007, defendant TISOY, defendant LABASAN, defendant FRANCISCO, and other co-

25

conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 70616073877102) for payment of approximately $573.50 for alleged LVN services provided to patient D.U. on January 3, 2007.

Overt Act No. 107:  On or about March 2, 2007, defendant TISOY, defendant LABASAN, defendant EBO, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7061607386804) for payment of approximately $546.44 for alleged LVN services provided to patient D.U. on December 4, 2006.

Overt Act No. 108:  On or about March 8, 2007, defendant TISOY, defendant LABASAN, defendant IGAMEN, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7067613410410) for payment of approximately $294.10 for alleged LVN services provided to patient J.B. on January 10, 2007.

Overt Act No. 109:  On or about March 16, 2007, defendant RODRIGUEZ visited patient M.Y., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 110:  On or about March 16, 2007, defendant RODRIGUEZ submitted her Nursing Notes for her visit to patient M.Y. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 111:  On or about March 20, 2007, defendant VALDEVIESO was paid by Excel Plus (Check 1449) for her visit to patient L.C. on February 16, 2007.

\\

\\

Overt Act No. 112:  On or about April 13, 2007, defendant VALLEJO visited patient A.C., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 113:  On or about April 13, 2007, defendant VALLEJO had her sister, who she knew was an LVN, sign her Nursing Notes for her visit to patient A.C.

Overt Act No. 114:  On or about April 20, 2007, defendant RODRIGUEZ was paid by Unicare (Check 1909) for her visit to patient M.Y. on March 16, 2007.

Overt Act No. 115:  On or about April 21, 2007, defendant LUMIGUID visited patient H.C., presented himself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 116:  On or about April 21, 2007, defendant LUMIGUID submitted his Nursing Notes for his visit to patient H.C. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 117:  On or about April 30, 2007, defendant TISOY, defendant LABASAN, defendant BAGNOL, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7120197405304) for payment of approximately $205.87 for alleged LVN services provided to patient A.P. on January 4, 2007.

Overt Act No. 118:  On or about April 30, 2007, defendant TISOY, defendant LABASAN, defendant FILART, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7120197404603) for payment of approximately $235.28 for alleged LVN services provided to patient J.P. on November 20, 2006.

1      Overt Act No. 119:  On or about April 30, 2007, defendant

2   TISOY, defendant LABASAN, defendant GUILLEN, and other co-

3   conspirators submitted and caused to be submitted to Medi-Cal a

4   claim (Claim No. 7120197404904) for payment of approximately

5   $235.28 for alleged LVN services provided to patient A.P. on

6   December 26, 2006.

7      Overt Act No. 120:  On or about April 30, 2007, defendant

8   TISOY, defendant LABASAN, defendant VALDEVIESO, and other co-

9   conspirators submitted and caused to be submitted to Medi-Cal a

10   claim (Claim No. 7120197105206) for payment of approximately

11   $470.56 for alleged LVN services provided to patient L.C. on

12   February 16, 2007.

13      Overt Act No. 121:  On or about May 5, 2007, defendant

14   VALLEJO was paid by Excel Plus (Check 1526) for her visit to

15   patient A.C. on April 13, 2007.

16      Overt Act No. 122:  On or about May 15, 2007, defendant

17   TISOY, defendant LABASAN, defendant LE, and other co-

18   conspirators submitted and caused to be submitted to Medi-Cal a

19   claim (Claim No. 7135251100307) for payment of approximately

20   $235.28 for alleged LVN services provided to patient S.P. on

21   January 25, 2007.

22      Overt Act No. 123:  On or about May 20, 2007, defendant

23   LUMIGUID was paid by Unicare (Check 2012) for his visit to

24   patient H.C. on April 21, 2007.

25      Overt Act No. 124:  On or about May 21, 2007, defendant

26   TISOY, defendant LABASAN, and other co-conspirators told

27   defendant GONZALEZ to leave his Nursing Notes unsigned because

28   he was not an LVN.

Overt Act No. 125:  On or about May 23, 2007, defendant GONZALEZ  visited patient F.H., presented himself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 126:  On or about May 23, 2007, defendant GONZALEZ submitted his Nursing Notes for his visit to patient F.H. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 127:  On or about June 1, 2007, defendant SALVILLA visited patient J.P., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 128:  On or about June 1, 2007, defendant SALVILLA submitted her Nursing Notes for her visit to patient J.P. with the signature line left blank to be signed with the name of an LVN who had not, in fact, made the visit.

Overt Act No. 129:  On or about June 1, 2007, defendant RONGAVILLA visited patient E.R., presented herself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 130:  On or about June 1, 2007, defendant RONGAVILLA signed her Nursing Notes as Z.P., an individual whom defendant RONGAVILLA knew was an LVN, so that it would appear as if an LVN had made the visit.

Overt Act No. 131:  On or about June 4, 2007, defendant DAVID visited patient H.C., presented himself as an LVN, and performed services that should have been performed by an LVN.

\\
\\
\\

29

Overt Act No. 132: On or about June 4, 2007, defendant DAVID signed his Nursing Notes as M.C., an individual whom defendant DAVID knew was an LVN, so that it would appear as if an LVN had made the visit.

Overt Act No. 133: On or about June 9, 2007, defendant MOSQUEDA visited patient J.B., presented himself as an LVN, and performed services that should have been performed by an LVN.

Overt Act No. 134: On or about June 9, 2007, defendant MOSQUEDA submitted his nursing notes for his visit to patient J.B. with the signature line left blank to be signed with the name of L.T., an LVN who had not, in fact, made the visit.

Overt Act No. 135: On or about June 11, 2007, defendant TISOY, defendant LABASAN, defendant VALLEJO, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7162243100403) for payment of approximately $470.56 for alleged LVN services provided to patient A.C. on April 13, 2007.

Overt Act No. 136: On or about June 20, 2007, defendant MOSQUEDA was paid by Unicare (Check 2094) for his visit to patient J.B. on June 9, 2007.

Overt Act No. 137: On or about June 21, 2007, defendant TISOY, defendant LABASAN, defendant GONZALEZ, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7172611530206) for payment of approximately $352.92 for alleged LVN services provided to patient F.H. on May 23, 2007.

\\
\\

1    Overt Act No. 138:  On or about July 1, 2007, defendant

2  MOJICA visited patient A.C., presented herself as an LVN, and

3  performed services that should have been performed by an LVN.

4    Overt Act No. 139:  On or about July 1, 2007, defendant

5  MOJICA submitted her Nursing Notes for her visit to patient A.C.

6  with the signature line left blank to be signed with the name of

7  an LVN who had not, in fact, made the visit.

8    Overt Act No. 140:  On or about July 3, 2007, defendant

9  DABAO visited patient N.H., presented herself as an LVN, and

10  performed services that should have been performed by an LVN.

11    Overt Act No. 141:  On or about July 3, 2007, defendant

12  DABAO signed her Nursing Notes as C.P., an individual whom

13  defendant DABAO knew was an LVN, so that it would appear as if

14  an LVN had made the visit.

15    Overt Act No. 142:  On or about July 3, 2007, defendant

16  TISOY, defendant LABASAN, defendant MOSQUEDA, and other co-

17  conspirators submitted and caused to be submitted to Medi-Cal a

18  claim (Claim No. 7184610365208) for payment of approximately

19  $352.92 for alleged LVN services provided to patient J.B. on

20  June 9, 2007.

21    Overt Act No. 143:  On or about July 4, 2007, defendant

22  NIETO-ROJAS visited patient A.C., presented herself as an LVN,

23  and performed services that should have been performed by an

24  LVN.

25  \\

26  \\

27  \\

28  \\

31

1    Overt Act No. 144:  On or about July 4, 2007, defendant

2  NIETO-ROJAS submitted her Nursing Notes for her visit to patient

3  A.C. with the signature line left blank to be signed with the

4  name of an LVN who had not, in fact, made the visit.

5    Overt Act No. 145:  On or about July 5, 2007, defendant

6  SALVILLA was paid by Excel Plus (Check 1654) for her visit to

7  patient J.P. on June 1, 2007.

8    Overt Act No. 146:  On or about July 5, 2007, defendant

9  RONGAVILLA was paid by Unicare (Check 2128) for her visit to

10  patient E.R. on June 1, 2007.

11    Overt Act No. 147:  On or about July 5, 2007, defendant

12  GONZALEZ was paid by Unicare (Check 2136) for his visit to

13  patient F.H. on May 23, 2007.

14    Overt Act No. 148:  On or about July 5, 2007, defendant

15  DAVID was paid by Unicare (Check 2154) for his visit to patient

16  H.C. on June 4, 2007.

17    Overt Act No. 149:  On or about July 12, 2007, defendant

18  SCHWARTZ visited patient J.P., presented herself as an LVN, and

19  performed services that should have been performed by an LVN.

20    Overt Act No. 150:  On or about July 12, 2007, defendant

21  SCHWARTZ submitted her Nursing Notes for her visit to patient

22  J.P. with the signature line left blank to be signed with the

23  name of an LVN who had not, in fact, made the visit.

24    Overt Act No. 151:  On or about July 20, 2007, defendant

25  SCHWARTZ was paid by Unicare (Check 2192) for her visit to

26  patient J.P. on July 12, 2007.

27  \\

28  \\

32

1    Overt Act No. 152:   On or about August 5, 2007, defendant
2 MOJICA was paid by Unicare (Check 2244) for her visit to patient
3 A.C. on July 1, 2007.

4    Overt Act No. 153:   On or about August 5, 2007, defendant
5 DABAO was paid by Unicare (Check 2334) for her visit to patient
6 N.H. on July 3, 2007.

7    Overt Act No. 154:   On or about August 5, 2007, defendant
8 NIETO-ROJAS was paid by Excel Plus (Check 1720) for her visit to
9 patient A.C. on July 4, 2007.

10    Overt Act No. 155:   On or about August 9, 2007, defendant
11 TISOY, defendant LABASAN, defendant LUMIGUID, and other co-
12 conspirators submitted and caused to be submitted to Medi-Cal a
13 claim (Claim No. 7221213105701) for payment of approximately
14 $470.56 for alleged LVN services provided to patient H.C. on
15 April 21, 2007.

16    Overt Act No. 156:   On or about August 28, 2007, defendant
17 TISOY, defendant LABASAN, defendant DAVID, and other co-
18 conspirators submitted and caused to be submitted to Medi-Cal a
19 claim (Claim No. 7240210201604) for payment of approximately
20 $470.56 for alleged LVN services provided to patient H.C. on
21 June 4, 2007.

22    Overt Act No. 157:   On or about September 10, 2007,
23 defendant TISOY, defendant LABASAN, defendant RONGAVILLA, and
24 other co-conspirators submitted and caused to be submitted to
25 Medi-Cal a claim (Claim No. 7253609507601) for payment of
26 approximately $470.56 for alleged LVN services provided to
27 patient E.R. on June 1, 2007.

28 \\

<u>Overt Act No. 158</u>:   On or about September 17, 2007, defendant TISOY, defendant LABASAN, defendant DABAO, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7260609014203) for payment of approximately $235.28 for alleged LVN services provided to patient N.H. on July 3, 2007.

<u>Overt Act No. 159</u>:   On or about September 21, 2007, defendant TISOY, defendant LABASAN, defendant RODRIGUEZ, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7264231004701) for payment of approximately $558.79 for alleged LVN services provided to patient M.Y. on March 16, 2007.

<u>Overt Act No. 160</u>:   On or about October 8, 2007, defendant TISOY, defendant LABASAN, defendant SCHWARTZ, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7281259201209) for payment of approximately $235.28 for alleged LVN services provided to patient J.P. on July 12, 2007.

<u>Overt Act No. 161</u>:   On or about November 7, 2007, defendant TISOY, defendant LABASAN, defendant MOJICA, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7311607623401) for payment of approximately $470.56 for alleged LVN services provided to patient A.C. on July 1, 2007.

<u>Overt Act No. 162</u>:   On or about November 7, 2007, defendant TISOY, defendant LABASAN, defendant NIETO-ROJAS, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7311607623404) for payment of approximately

$470.56 for alleged LVN services provided to patient A.C. on July 4, 2007.

Overt Act No. 163: On or about December 7, 2007, defendant TISOY, defendant LABASAN, defendant SALVILLA, and other co-conspirators submitted and caused to be submitted to Medi-Cal a claim (Claim No. 7341243603201) for payment of approximately $235.28 for alleged LVN services provided to patient J.P. on June 1, 2007.

Overt Act No. 164:  On or about November 6, 2008, defendant TISOY instructed defendant GUIANG to lie to law enforcement about who directed her patient visits for Medcare Plus.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

COUNTS TWO THROUGH FORTY-ONE

[18 U.S.C. §§ 1347, 2]

A.   INTRODUCTORY ALLEGATIONS

24.   The Grand Jury incorporates by reference and re-alleges Paragraphs 1 through 20 above as though set forth in their entirety here.

B.   THE SCHEME TO DEFRAUD

25.   Beginning at least as early as August 2004, and continuing to in or about December 2007, in Los Angeles County, within the Central District of California, and elsewhere, the Nursing Manager Defendants and the Unlicensed Nurse Defendants, together with Villabroza, Bendigo, and others known and unknown to the Grand Jury, knowingly, willfully, and with intent to defraud, executed and attempted to execute a scheme and artifice: (a) to defraud a health care benefit program affecting commerce, namely Medi-Cal, as to material matters in connection with the delivery and payment for health care benefits, items, and services, and (b) to obtain money from Medi-Cal by means of material false and fraudulent pretenses and representations and the concealment of material facts in connection with the delivery of and payment for health care benefits, items, and services.

C.   MEANS TO ACCOMPLISH THE SCHEME TO DEFRAUD

26.   The scheme operated in substance as described in Paragraph 22 of this Indictment, which is hereby incorporated by reference as if stated in its entirety here.

//

//

D.   EXECUTIONS OF THE FRAUDULENT SCHEME

27.   On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, each defendant stated below, together with Villabroza, Bendigo, and others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the scheme to defraud described above, knowingly and willfully submitted and caused to be submitted to Medi-Cal the following false and fraudulent claims:

| COUNT | DEFENDANTS | CLAIM NUMBER | PATIENT | DATE CLAIM SUBMITTED | APPROX. AMOUNT PAID |
|-------|-----------|--------------|---------|----------------------|---------------------|
| TWO | TISOY LABASAN SALVILLA | 7341243603201 | J.P. | 12/07/2007 | $235.28 |
| THREE | TISOY LABASAN SCHWARTZ | 7281259201209 | J.P. | 10/08/2007 | $235.28 |
| FOUR | TISOY LABASAN DE VEYRA | 5304250807701 | M.C. | 10/31/2005 | $294.10 |
| FIVE | TISOY LABASAN GUZMAN | 7026609832104 | M.Y. | 01/26/2007 | $514.68 |
| SIX | TISOY LABASAN HERRERA | 5112230508903 | M.Y. | 04/22/2005 | $676.43 |
| SEVEN | TISOY LABASAN DAVID | 7240210201604 | H.C. | 08/28/2007 | $470.56 |

| COUNT | DEFENDANTS | CLAIM NUMBER | PATIENT | DATE CLAIM SUBMITTED | APPROX. AMOUNT PAID |
|---|---|---|---|---|---|
| EIGHT | TISOY LABASAN MOSQUEDA | 7184610365208 | J.B. | 07/03/2007 | $352.92 |
| NINE | TISOY LABASAN RONGAVILLA | 7253609507601 | E.R. | 09/10/2007 | $470.56 |
| TEN | TISOY LABASAN SEVILLANA | 7029608389302 | N.J. | 01/29/2007 | $382.33 |
| ELEVEN | TISOY LABASAN IGAMEN | 7067613410410 | J.B. | 03/08/2007 | $294.10 |
| TWELVE | TISOY LABASAN BALBOA | 6181609626207 | L.C. | 06/30/2006 | $470.56 |
| THIRTEEN | TISOY LABASAN PONGCO | 6017250501309 | M.Y. | 01/17/2006 | $352.92 |
| FOURTEEN | TISOY LABASAN FILART | 7120197404603 | J.P. | 04/30/2007 | $235.28 |
| FIFTEEN | TISOY LABASAN MARCIAL | 5321610683909 | H.C. | 11/17/2005 | $470.56 |

| COUNT | DEFENDANTS | CLAIM NUMBER | PATIENT | DATE CLAIM SUBMITTED | APPROX. AMOUNT PAID |
|-------|------------|--------------|---------|----------------------|----------------------|
| SIXTEEN | TISOY LABASAN RODRIGUEZ | 7264231004701 | M.Y. | 09/21/2007 | $558.79 |
| SEVENTEEN | TISOY LABASAN BAGAYBAGAYAN | 5031254503401 | M.C. | 01/31/2005 | $235.28 |
| EIGHTEEN | TISOY LABASAN NAMAWEJJE | 6059250803601 | B.T. | 02/28/2006 | $235.28 |
| NINETEEN | TISOY LABASAN GONZALEZ | 7172611530206 | F.H. | 06/21/2007 | $352.92 |
| TWENTY | TISOY LABASAN MOJICA | 7311607623401 | A.C. | 11/07/2007 | $470.56 |
| TWENTY-ONE | TISOY LABASAN NIETO-ROJAS | 7311607623404 | A.C. | 11/07/2007 | $470.56 |
| TWENTY-TWO | TISOY LABASAN DABAO | 7260609014203 | N.H. | 09/17/2007 | $235.28 |
| TWENTY-THREE | TISOY LABASAN VALDEVIESO | 7120197105206 | L.C. | 04/30/2007 | $470.56 |
| TWENTY-FOUR | TISOY LABASAN NARCISO | 7053241501406 | S.P. | 02/22/2007 | $235.28 |

| COUNT | DEFENDANTS | CLAIM NUMBER | PATIENT | DATE CLAIM SUBMITTED | APPROX. AMOUNT PAID |
|---|---|---|---|---|---|
| TWENTY-FIVE | TISOY LABASAN STALEY | 6006609700801 | A.S. | 01/06/2006 | $205.87 |
| TWENTY-SIX | TISOY LABASAN SAMBO | 5339607217501 | A.S. | 12/05/2005 | $235.28 |
| TWENTY-SEVEN | TISOY LABASAN FRANCISCO | 7061607387102 | D.U. | 03/02/2007 | $573.50 |
| TWENTY-EIGHT | TISOY LABASAN GUIANG | 5361251603408 | J.L. | 12/27/2005 | $470.56 |
| TWENTY-NINE | TISOY LABASAN LE | 7135251100307 | S.P. | 05/15/2007 | $235.28 |
| THIRTY | TISOY LABASAN CORDOVA | 7059606849908 | Y.C. | 02/28/2007 | $470.56 |
| THIRTY-ONE | TISOY LABASAN MAGRACIA | 6256606695302 | A.U. | 09/13/2006 | $294.10 |
| THIRTY-TWO | TISOY LABASAN EBO | 7061607386804 | D.U. | 03/02/2007 | $546.44 |
| THIRTY-THREE | TISOY LABASAN LUMIGUID | 7221213105701 | H.C. | 08/09/2007 | $470.56 |

| COUNT | DEFENDANTS | CLAIM NUMBER | PATIENT | DATE CLAIM SUBMITTED | APPROX. AMOUNT PAID |
|---|---|---|---|---|---|
| THIRTY-FOUR | TISOY LABASAN GONZAGA | 5290250809813 | E.M. | 10/17/2005 | $235.28 |
| THIRTY-FIVE | TISOY LABASAN GUILLEN | 7120197404904 | A.P. | 04/30/2007 | $235.28 |
| THIRTY-SIX | TISOY LABASAN OMILLO | 6109609776604 | L.C. | 04/19/2006 | $470.56 |
| THIRTY-SEVEN | TISOY LABASAN VALLEJO | 7162243100403 | A.C. | 06/11/2007 | $470.56 |
| THIRTY-EIGHT | TISOY LABASAN OROGO | 5299607045802 | H.C. | 10/26/2005 | $470.56 |
| THIRTY-NINE | TISOY LABASAN GUCE | 6123610295710 | A.C. | 05/03/2006 | $470.56 |
| FORTY | TISOY LABASAN JOVER | 5216609612407 | A.C. | 08/04/2005 | $470.56 |

\\
\\
\\
\\
\\
\\
\\

41

| COUNT | DEFENDANTS | CLAIM NUMBER | PATIENT | DATE CLAIM SUBMITTED | APPROX. AMOUNT PAID |
|-------|-----------|--------------|---------|---------------------|---------------------|
| FORTY-ONE | TISOY LABASON BAGNOL | 7120197405304 | A.P. | 04/30/2007 | $205.87 |

A TRUE BILL

/S/ _____
Foreperson

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

DOUGLAS A. AXEL
Assistant United States Attorney
Chief, Major Frauds Section

BEONG-SOO KIM
Assistant United States Attorney
Deputy Chief, Major Frauds Section

CONSUELO S. WOODHEAD
Assistant United States Attorney
Senior Litigation Counsel
Health Care Fraud Coordinator

ANTHONY R. MONTERO
Special Assistant
United States Attorney
Major Frauds Section