1  ANDRÉ BIROTTE JR.
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   CONSUELO S. WOODHEAD
4  Assistant United States Attorney
   (California State Bar No. 69653)
5  ANTHONY R. MONTERO
   Special Assistant United States Attorney
6  (California State Bar No. 186699)
   Major Frauds Section
7      1100 United States Courthouse
       312 North Spring Street
8      Los Angeles, California 90012
       Telephone:  (213) 894-3987/7395
9      Facsimile:  (213) 894-6269
       Email: consuelo.woodhead@usdoj.gov
10             anthony.montero@usdoj.gov

11  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
12
                  UNITED STATES DISTRICT COURT
13
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
14

15  UNITED STATES OF AMERICA,    ) Case No. CR 09-609(A)-GAF
                                 )
16            Plaintiff,         ) GOVERNMENT'S MOTION _IN LIMINE_ TO
                                 ) EXCLUDE EVIDENCE AND ARGUMENT
17            v.                 ) RELATING TO QUALITY OF CARE AND
                                 ) OTHER JURY NULLIFICATION DEFENSES;
18  BERLY SCHWARTZ, et al.,      ) MEMORANDUM OF POINTS AND AUTHORITIES
                                 )
19            Defendants.        )
                                 ) Hearing Date: June 21, 2010
20                               ) Time: 9:30 a.m.
                                 )
21  _____  ) Trial Date: June 29, 2010
                                 )
22

23

24      Plaintiff United States of America, by and through its

25  attorney of record, the United States Attorney for the Central

26  District of California, hereby files this motion in limine to

27  exclude any evidence and/or argument about the quality of care

28  provided by defendants, the absence of physical harm to patients,

    parent satisfaction with the services provided by defendants, and

1    any other jury nullification defenses based on sympathy rather

2    than the elements of the offenses.  This motion is based upon the

3    attached memorandum of points and authorities, the record in this

4    case, and any other evidence that the Court may wish to consider

5    at the time it decides this motion.

6

7    DATED: May 24, 2010          Respectfully submitted,

8                                 ANDRÉ BIROTTE JR.
                                  United States Attorney
9
                                  CHRISTINE C. EWELL
10                                Assistant United States Attorney
                                  Chief, Criminal Division
11

12                                    /s/
                                  _____
                                  CONSUELO S. WOODHEAD
13                                ANTHONY R. MONTERO
                                  Assistant United States Attorneys
14
                                  Attorneys for Plaintiff
15                                UNITED STATES OF AMERICA

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Dante David, Carlisele Le, Orlee Lumiguid, Ruth Magracia, Ma Socorro Narciso, and Berly Schwartz (collectively, "defendants") are each charged in the First Superseding Indictment ("FSI") with one count of health care fraud and one count of conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349.  Defendants David, Narciso, and Schwartz are also each charged with a separate count of aggravated identity theft in violation of 18 U.S.C. § 1028(A). The essence of the health care fraud charges is that the defendants knowingly participated in a conspiracy and scheme to defraud the Medi-Cal program by visiting Medi-Cal patients whose physicians had ordered licensed vocational nurse ("LVN") for them even though the defendants were not, in fact, LVNs.  The victim of the scheme was Medi-Cal, which was billed for and which paid for the services of LVNs, not the patients or their parents.[1]

The government anticipates that defendants will attempt to deflect attention from this Medi-Cal billing fraud scheme by presenting evidence and argument that, even though they were not LVNs, they provided caring service to the patients; that parents were satisfied, even happy, with their services; and that no patients were physically harmed or injured by their treatment. By this motion, the government seeks to exclude any and all such

---

[1]   The essence of the aggravated identity theft charges is that defendants David, Narciso, and Schwartz personally signed the names of real LVNs to paperwork associated with their participation in health care fraud scheme.

1    evidence and argument because it is irrelevant to the charges and
2    calculated solely to arose jury sympathy.   The Court should
3    therefore exclude any such evidence Under Federal Rules of
4    Evidence 402 and 403.

5    **II.   ELEMENTS OF THE OFFENSES AND NATURE OF THE PROOF**
6    **A.   Health Care Fraud**

7        The FSI charges defendants with health care fraud based upon
8    both a scheme to defraud and a scheme to obtain money by false
9    pretenses.   The elements of a scheme to defraud under 18 U.S.C.
10   § 1347, are:

11           1.   Defendant knowingly and willfully participated
12       in a scheme to defraud a health care benefit program.

13           2.   The statements made or facts omitted as part
14       of the scheme were material, that is they would
15       reasonably influence a health care benefit program to
16       part with money or property.

17           3.   Defendant acted with the intent to defraud.
18           4.   The scheme involved the delivery of or payment
19       for health care benefits, items, or services.

20   18 U.S.C. § 1347; United States v. Woods, 335 F.3d 993, 997 (9th
21   Cir. 2003) (expressly approving proffered jury instruction as to
22   scheme to defraud) United States v. Sayakhom, 186 F.3d 928, 941
23   (9th Cir. 1999)(elements), amended by, 197 F.3d 959 (9th Cir.
24   1999).

25       The elements of health care fraud based upon a scheme to
26   obtain money or property by false pretenses are:

27           1.   The defendant knowingly and willfully carried
28       out or participated in a scheme or plan to obtain money

2

from a health care benefit program by making false
promises or statements.

    2.  The defendant knew that the promises or
statements were false and fraudulent.

    3.  The promises or statements were material.

    4.  The defendant acted with the intent to
defraud.

    5.  The scheme or plan was in connection with the
delivery of or payment for health care benefits, items,
or services.

18 U.S.C. § 1347; Ninth Circuit Model Jury Instruction No. 8.101
(2003) [Mail Fraud – Scheme to Obtain Money or Property by False
Promises (18 U.S.C. § 1341)] (modified for health care fraud);
Ninth Circuit Model Jury Instruction No. 8.106 (2000) [Bank Fraud
– Scheme to Defraud by False Promises or Statements (18 U.S.C.
§ 1344)](modified for health care fraud).

B.  <u>Conspiracy to Commit Health Care Fraud</u>

The elements of conspiracy to commit health care fraud are:

    1.  There was an agreement between two or more
persons to commit the crime of health care fraud.

    2.  Defendant became a member of the conspiracy
knowing its object and intending to help accomplish it.

18 U.S.C. § 1349.  <u>See also</u> <u>United States v. Shabani</u>, 513 U.S.
10, 15 (1994) (holding that the similarly-worded drug attempt and
conspiracy statute, 21 U.S.C. § 846 creates a separate conspiracy
offense that does not require proof of an overt act); <u>United
States v. Tam</u>, 240 F.3d 797 (9th Cir. 2001) (same result as to
money laundering conspiracy statute, 18 U.S.C. §1956(h)).

C. **Aggravated Identity Theft**

The elements of aggravated identity theft, as charged in the FSI, are:

      1.  Defendant knowingly transferred, possessed, or used a means of identification of another person.

      2.  Defendant knew at the time that the identification in question belonged to another actual person.

      3.  Defendant acted without lawful authority.

      4.  Defendant did so during and in relation to the health care fraud scheme or the conspiracy to commit health care fraud.

18 U.S.C. § 1028A; Flores-Figueroa v. United States, 129 S.Ct. 1886 (2009)(second element).

Forging another person's signature constitutes a use of that person's name and thus qualifies as a means of identification under 18 U.S.C. § 1028A.  United States v. Blixt, 548 F.3d 882, 886-888 (9th Cir. 2008).

D. **Nature of the Government's Proof**

To establish the health care fraud and related conspiracy charges, the government expects to prove the following:

Defendants knowingly participated in a scheme devised by their employer, Excel Plus and its sister companies, Med-Care Plus and Unicare Health Professional, to defraud Medi-Cal by using unlicensed individuals to perform LVN services for Medi-Cal patients who qualified for private-duty nursing services.  The patients' physicians ordered LVN services.  Med-Care Plus billed Medi-Cal for LVN services and Medi-Cal paid for LVN services.

4

Medi-Cal would not have paid the claims had it known that the services were actually being performed by unlicensed individuals. The defendants were among the unlicensed individuals who actually performed the visits.   While defendants may initially have been hired as mere "caregivers," they learned, during the course of their employment, that they were performing services as LVNs and they knowingly continued the imposture.   Some of them left the route sheets and skilled nursing notes that evidenced their visits unsigned, understanding that a real LVN's name would be inserted and their own role concealed.   Others forged the signature of a real LVN on the route sheets and nursing notes. The defendants knew from a variety of sources (e.g., other participants, physician plans of treatment, notices from Excel, the patient families' living circumstances) that their services were being paid for by a health care benefit program, although they may not all have known precisely which one.

To establish the aggravated identity theft charges, the government expects to prove that defendants David, Narciso, and Schwartz knowingly signed the names of real LVNs to paperwork associated with the scheme to defraud Medi-Cal.   David and Narciso have admitted in recorded interviews that they forged the names Mario Cadiente and Mayra Navarro, respectively, on nursing notes and/or route sheets for their visits and that they understood that these were real LVNs.   Schwartz did not admit forging the name of her counterpart LVN, Maria Baldado, but the school nurse at the school where Schwartz accompanied the Park children witnessed Schwartz doing so.

1                         **III.  ARGUMENT**

2 **A.**    <u>The Quality of Care Provided by Defendants is Irrelevant</u>

3         Federal Rule of Evidence 402 provides, in relevant part,

4 that "[e]vidence which is not relevant is not admissible."  Fed.

5 R. Evid. 402.  Relevance is determined by reference to the

6 charges in the indictment.  Accordingly, evidence and arguments

7 that are not directed to an element of the crime or a legal

8 defense are properly excluded.  <u>See e.g.</u>, <u>Zal v. Steppe</u>, 968 F.2d

9 924, 927-30 (9th Cir. 1992) (various defenses designed to justify

10 defendant's conduct properly excluded in criminal trespass trial

11 of abortion protestor); <u>United States v. Elliott</u>, 89 F.3d 1360,

12 1368-69 (8th Cir. 1996) (in trial of lawyer charged with

13 submitting inflated bills for legal services to state, evidence

14 of routine practices of attorney general's office and of other

15 lawyers who provided similar services properly excluded as

16 irrelevant to defendant's guilt or innocence); <u>United States v.</u>

17 <u>Biesiadecki</u>, 933 F.2d 539, 543-44 (7th Cir. 1991) (in investment

18 fraud case, testimony from customers not named in indictment who

19 heard defendant's sales pitch but did not believe they had been

20 defrauded properly excluded as it "would have improperly shifted

21 the jury's attention away from the knowledge and intent of

22 [defendant] and focused instead on the beliefs of the victims of

23 the alleged fraud"); <u>United States v. RICO Industries</u>, 854 F.2d

24 710, 713-14 (5th Cir. 1988) (evidence of "favorable nature" of

25 contract that included kickback for defendant properly excluded

26 in trial for mail fraud); <u>United States v. Wellman</u>, 830 23d 1453,

27 1468-69 (7th Cir. 1987)(evidence of fair market value of chemical

28 tanks and evidence that the tanks "performed well in the field"

1    properly excluded where the issue in the case was defendant's
2    false representations that the tanks complied with government
3    regulations, not the value of the tanks).

4         As Judge Trott has stated:

5              [N]either a defendant nor his attorney has a right
6         to present to a jury evidence that is irrelevant to
7         legal defense to, or an element of the crime charged.
8         Verdicts must be based on the law and the evidence, not
9         on jury nullification as urged by either litigant.

10   Zal v. Steppe, 968 F.2d at 927-30 (concurring).

11        The health care fraud and conspiracy counts in this case
12   charge a fraud on the Medi-Cal program arising from
13   misrepresentations that services provided by defendants were
14   being provided by LVNs.  The aggravated identity theft counts
15   charge the misuse of the identities of three actual LVNs.

16        Arguments and evidence regarding the quality of care the
17   defendants provided to the patients they visited, parent
18   satisfaction with their services, and the like are not relevant
19   to these charges or to any valid defense.  Such arguments and
20   evidence improperly shift the jury's attention away from the
21   defendants' knowledge and intent.  They shift the jury's
22   attention onto people who are not even the alleged victims of the
23   crimes, namely the patients and their parents.  In so doing, they
24   also improperly draw the jury's attention away from the true
25   victim of the health care fraud, the Medi-Cal program.  They
26   improperly invite the jury to treat this as a case of "no-harm
27   no-foul."  The only purpose for such arguments is jury
28   nullification.  Accordingly, such arguments and evidence should

1  be excluded because as irrelevant.

2  B.   <u>Any Probative Value of Quality of Care Evidence is</u>

3       <u>Substantially Outweighed by the Danger of Unfair Prejudice,</u>

4       <u>Confusion of the Issues and Misleading the Jury</u>

5       Federal Rule of Evidence 403 states that even relevant

6  evidence may be excluded if its probative value is "substantially

7  outweighed by the danger of <u>unfair prejudice</u>, <u>confusion of the</u>

8  <u>issues</u>, or <u>misleading the jury</u>, or by considerations of undue

9  delay, <u>waste of time</u>, or needless presentation of cumulative

10 evidence."   Fed. R. Evid. 403 (emphasis added).   "Unfair

11 prejudice" as used in Rule 403 means that the evidence "provokes

12 an emotional response in the jury or otherwise tends to affect

13 adversely the jury's attitude toward the defendant wholly apart

14 from its judgment as to his guilt or innocence of the crime

15 charged." <u>United States v. Bailleaux</u>, 685 F.2d 1105, 1111 (9th

16 Cir. 1982), <u>overruled on other grounds</u>, <u>Huddleston v. United</u>

17 <u>States</u>, 485 U.S. 681 (1988).

18      This is precisely what any evidence or argument about

19 quality of care would be aimed at -- provoking an emotional

20 response in the jury that would encourage them to acquit the

21 defendants based on sympathy for the defendants' role as caring

22 attendants to needy children and based on the parents' own

23 sympathy for defendants.   Such a response is calculated to make

24 the jury simply not care that a government program paid for

25 services that were misrepresented as LVN services.   Accordingly,

26 such arguments and evidence should be excluded because they are

27 highly prejudicial, confuse the issues, and mislead the jury.

28 //

8

## IV.   CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court : (1) instruct the parties prior to opening statements not to mention the quality of care provided to patients, parent satisfaction with their services, the absence of any physical harm to patients, or any other jury nullification defenses based on sympathy rather than the elements of the offenses (2) exclude any and all evidence and argument on the foregoing subjects.

DATED: May 24, 2010          Respectfully submitted,

                             ANDRÉ BIROTTE JR.
                             United States Attorney

                             CHRISTINE C. EWELL
                             Assistant United States Attorney
                             Chief, Criminal Division


                                /s/
                             CONSUELO S. WOODHEAD
                             ANTHONY R. MONTERO
                             Assistant United States Attorneys

                             Attorneys for Plaintiff
                             UNITED STATES OF AMERICA